UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE JUPITER,                               :
                                                :
     Petitioner                                :
                                                :
  v.                                            : CIVIL NO. 3:CV-06-1631
                                                :
WARDEN, USP Lewisburg,                          : (Judge Kosik)
                                                :
     Respondent

**MEMORANDUM**

Before the court is petitioner, Clarence Jupiter's motion for reconsideration. For the reasons which follow, the motion for reconsideration will be denied.

Background

Petitioner, Clarence Jupiter, an inmate confined at USP Lewisburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on August 21, 2006. In his petition, petitioner argues that he is being denied access to the court because when he was given his personal property by employees at USP Lewisburg, he discovered that several folders of legal materials were missing. Petitioner asserts that he has not been compensated for the loss of his property, that he has been unable to adequately duplicate the documents and affidavits and that he is unable to seek redress in the courts as a direct result of the actions of the Bureau of Prisons. On September 13, 2006, the respondent filed a response to the petition for writ of habeas corpus; and, on

October 12, 2006, the petitioner filed a traverse to the response.

On November 2, 2006, Magistrate Judge J. Andrew Smyser issued a Report and Recommendation wherein he recommended that the petition for writ of habeas corpus be dismissed without prejudice to the right of petitioner to file an action under <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Specifically, the Magistrate Judge found that habeas corpus was not a proper vehicle for the petitioner to present his claim, citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973). The Magistrate Judge stated that petitioner was not challenging his conviction or the very fact or duration of his physical imprisonment, and that even if the Bureau of Prisons violated petitioner's constitutional rights in connection with his missing property, release from confinement would not be an appropriate remedy for the loss of property. The Magistrate Judge then recommended that the action be dismissed because the petitioner's claim was not cognizable in a habeas corpus action.

On November 21, 2006, the petitioner filed an objection to the Magistrate Judge's Report and Recommendation. On November 30, 2006, respondent filed a brief opposing petitioner's objections.

On December 29, 2006, we adopted the Report and Recommendation of the Magistrate Judge. In particular, we agreed with the Magistrate Judge that petitioner's claims regarding his missing property were not cognizable in a habeas corpus proceeding. We found that petitioner was not challenging the legality of his custody or

seeking release therefrom. Rather, he was attempting to raise issues regarding self-representation and denial of access to the courts, which should more properly be pursued in a Bivens action. Thus, we adopted the Report and Recommendation of the Magistrate Judge and we dismissed the petition for writ of habeas corpus.

On January 16, 2007, petitioner filed a motion for reconsideration of our December 29, 2006 Memorandum and Order. In his motion, petitioner argues that this court did not address the constitutionally invalid considerations advanced by the Magistrate Judge. Petitioner states that money is not his immediate concern and that he is being denied the opportunity to seek post conviction relief because of the loss or destruction of his legal documents. Petitioner cites Wilkinson v. Dotson, 544 U.S. 74 (2005) in support of his objections. Respondent filed a brief in opposition to petitioner's motion for reconsideration on January 23, 2007.

## Discussion

The standard for granting a motion for reconsideration is a stringent one. "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); accord Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830

(M.D. Pa. 1992). Further, this Court has cautioned litigants that a mere disagreement with the court does not translate into a clear error of law. Dodge, 796 F.Supp. at 830. Rather, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001).

In petitioner's motion for reconsideration, he is merely rearguing the allegations set forth in his earlier filings.  Because petitioner does not demonstrate an intervening change in the law, come forth with new evidence or point to an error of law, his motion for reconsideration will be **DENIED**.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE JUPITER,  :
:
      Petitioner  :
:
      v.  : CIVIL NO. 3:CV-06-1631
:
WARDEN, USP Lewisburg,  : (Judge Kosik)
:
      Respondent

## **ORDER**

NOW, THIS 1st DAY OF MARCH, 2007, IT IS HEREBY ORDERED THAT the petitioner's motion for reconsideration (Document 16) is **DENIED.**

                                                s/Edwin M. Kosik
                                            United States District Judge